UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DENNIS PAUL and SHARON PAUL,** individually and on behalf of all others similarly situated, | ) ) ) ) | **CASE NO. 1: 13 CV2405** |
| Plaintiffs, | ) ) | **JUDGE DONALD C. NUGENT** |
| v. | ) ) ) | |
| **STATE FARM MUTUAL,** **AUTOMOBILE INSURANCE COMPANY,** | ) ) ) | **MEMORANDUM OPINION** **AND ORDER** |
| Defendants. | ) | |

      This case is before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Dismiss (ECF #3) directed to Plaintiffs' First Amended Complaint (the "Complaint"). State Farm moves for dismissal under Federal Rules of Civil Procedure 8 and 12(b)(6) on the grounds that Plaintiffs have failed to state plausible claims for breach of contract, bad faith, or declaratory judgment against State Farm, where Plaintiffs allege that State Farm fully paid all of their claimed medical expenses following an automobile accident, and Plaintiffs thereafter recovered further damages through a settlement with the driver who allegedly caused the accident. For the reasons that follow, State Farm's Motion to Dismiss is GRANTED. Plaintiffs' Complaint fails to set forth a plausible claim for relief.

# I. FACTS

The Court accepts the allegations stated in the Complaint as true for purposes of State Farm's Motion to Dismiss.

## A. The Accident

According to the Complaint, Plaintiffs were involved in an automobile accident on April 4, 2007 (the "Accident"). The Accident allegedly was caused by the negligence of Vasile Coman, a State Farm insured under an automobile policy with liability limits of $50,000/$100,000.

Plaintiffs also were State Farm insureds at the time of their Accident. The claims Plaintiffs allege in this suit arise under their State Farm policy (the "Policy"), not Mr. Coman's.

## B. Plaintiffs' Claim For Medical Payments Coverage Benefits

Plaintiffs' Policy offered Medical Payments Coverage ("MPC"), which applied when an insured sustained injuries in an automobile accident. The coverage provided for the payment of medical expenses regardless of fault. The MPC coverage provided:

> **Medical Expenses**
>
> We will pay reasonable medical expenses incurred for ***bodily injury*** caused by accident, for services furnished within three years of the date of the accident. These expenses are for necessary medical, surgical, X-ray, dental, ambulance, hospital, professional nursing and funeral services, eyeglasses, hearing aids and prosthetic devices.[1]

Under their MPC coverage, Plaintiffs submitted bills to State Farm for medical treatment that Plaintiff Dennis Paul purportedly required as a result of his injuries. The bills totaled $6,012. Plaintiffs concede that State Farm paid all of those bills for Plaintiffs' benefit. There is no

---

[1]Emphasis in Policy language quoted herein appears in the original Policy.

allegation that the payments were dilatory, incomplete, or in any way wrongfully withheld.

### C. State Farm's Right To Recover MPC Payments

Plaintiffs' Policy also addressed State Farm's right to recover any MPC payments it made for Plaintiffs' benefit. Plaintiffs assert that the operative language regarding State Farm's subrogation and reimbursement rights with respect to MPC payments made on Plaintiffs' behalf is as follows:

> **Our Right To Recover Our Payments**
>
> * * *
>
> b.  Under medical payments coverage:
>
>   (1)  we are subrogated to the extent of our payments to the right of recovery the injured *person* has against any party liable for the *bodily injury*.
>
>   (2)  If the *person* to or for whom we have made payment has not recovered from any party liable for the *bodily injury*, he or she shall:
>
>     (a)  not hurt our rights to recover;
>
>     (b)  keep these rights in trust for us;
>
>     (c)  execute any legal papers we need; and
>
>     (d)  when we ask, take action through our representative to recover our payments.
>
>   (3)  If the *person* to or for whom we make payment recovers from any party liable for the *bodily injury*, that *person* shall hold in trust for us the proceeds of the recovery, and reimburse us to the extent of our payment.

Plaintiffs assert that under parts b.(1) and (3) of this provision, State Farm cannot pursue recovery of its MPC payments from any source other than "any party liable." In Plaintiffs' view,

3

a recovery from "any party liable" *only* encompasses a payment made directly by a tortfeasor like Mr. Coman, and not by that tortfeasor's liability insurance carrier.[2]

### D.     State Farm's Negotiation Of MPC Recovery

Plaintiffs assert that after paying their medical expenses, State Farm "recovered" a portion of those payments from proceeds available under Mr. Coman's liability policy. The State Farm claim representative handling Mr. Coman's file challenged certain of Plaintiffs' claimed medical expenses as being unrelated to the Accident. State Farm thus took a recovery of only $3,961 under Mr. Coman's policy. Plaintiffs allege that they had no knowledge of this alleged recovery when it occurred.

### E.     Plaintiffs' Settlement With Mr. Coman And Lawsuit Against State Farm

Plaintiffs subsequently sued Mr. Coman for their injuries. Ultimately, Plaintiffs settled those claims. The agreement they signed fully released Mr. Coman from all liability in connection with the Accident, in exchange for a payment of $8,200, an amount well below Mr. Coman's liability limits. The release acknowledges the $3,961 credit State Farm took as an "MPC reimbursement." This left $4,239 directly payable to Plaintiffs.

After settling with Mr. Coman, Plaintiffs sued State Farm in state court for breach of contract and bad faith. Initially, Plaintiffs claimed that State Farm had no contractual right to pursue repayment "from itself" as Mr. Coman's liability insurer, and that State Farm had no right to a recovery until Plaintiffs had been "made whole for their loss." Plaintiffs contended that they

---

[2]State Farm contends that the subrogation and reimbursement provisions that Plaintiffs rely upon are outdated, but concedes that Plaintiffs could make the same policy interpretation argument regarding recovery from "any party liable" under what State Farm claims is the operative language.

should be permitted to retain the full amount of their settlement. Plaintiffs obtained an interlocutory order of partial summary judgment in their favor on these claims.

Thereafter, Plaintiffs opted to file an amended pleading. The amended pleading added class allegations, thereby providing the basis for State Farm's removal of this action under the Class Action Fairness Act.

Plaintiffs' amended Complaint significantly changes their theory of liability. In the present action, Plaintiffs' theory of liability appears to be that, under the Policy, State Farm may only recover its prior MPC payments by obtaining repayment from funds paid personally and directly by the tortfeasor (Mr. Coman), and not the tortfeasor's liability insurer (State Farm). Plaintiffs maintain that this is because a liability insurer cannot be considered "any party liable" under the Policy.

## II. <u>STANDARD OF REVIEW - Rule 12(b)(6)</u>

In considering a motion to dismiss under Rule 12(b)(6), the Court must assess, given the material required to be in the complaint, whether the complainant can prove a set of facts entitling the complainant to recovery on the allegations against the moving party. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). In making this assessment, the Court must take only well-pleaded factual allegations as true and reject allegations that are nothing more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S.Ct. at 1964-65; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009).

The standard articulated in *Iqbal* and *Twombly* is designed to screen out more than "little green men" cases; the standard is designed to screen out cases that, while not utterly impossible, are implausible. *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629-30 (6th Cir. 2009).

As explained below, Plaintiffs' Complaint fails to state a claim that is plausible on its face.[3]

### III.   ANALYSIS

####   A.   Plaintiffs Fail To State A Plausible Claim For Breach Of Contract

The Complaint's factual allegations do not support Plaintiffs' contention that State Farm breached the Policy by wrongfully pursuing recovery of MPC payments made to Plaintiffs. In the present action, Plaintiffs' claim of breach is premised upon the contention that, through the Policy language governing State Farm's subrogation and reimbursement rights respecting MPC payments, State Farm voluntarily limited its right of recovery or subrogation for medical payments paid on behalf of the Pauls exclusively to recovery from the tortfeasor/party liable. Plaintiffs assert that the only contractually permissible recovery is a payment made personally by a tortfeasor (here, Mr. Coman), and that a payment made by the tortfeasor's insurer (here, State Farm) is not a payment by a "party liable." Based on the plain, unambiguous meaning of the phrase "any party liable," Plaintiffs' argument is insupportable.

Ohio law governs the interpretation of the parties' insurance agreement and the phrase "any party liable," an undefined term in the Policy.[4] Ohio courts construe insurance policies

---

[3] It is well-settled that a defendant may attach and rely on documents referenced in a pleading without having its Rule 12(b)(6) motion converted to a request for summary judgment. *See Haviland v. Metro. Life Ins. Co.*, 730 F.3d 563, 565 n.1 (6th Cir. 2013) ("Documents attached to a motion to dismiss may be considered part of the pleadings if they are mentioned in the complaint and are central to the plaintiffs' claims.") Here, Plaintiffs' Complaint relies upon terms of Plaintiffs' automobile insurance policy and a Release they executed. State Farm thus may provide the Court with complete copies of these documents in connection with the Motion to Dismiss without converting that Motion to one for summary judgment. Plaintiffs appended only one page of the insurance policy to the Complaint, and did not provide a copy of the Release.

[4] *See Farris v. State Farm Ins. Co.*, 617 F. Supp. 2d 654, 660-61 (N.D. Ohio 2008) (in a diversity action for breach of contract and declaratory judgment arising out of an Ohio

under the same rules and principles that apply to other written contracts.

When interpreting a contract, a court's primary concern is to give effect to the written expression of the parties' intent. *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 797 N.E.2d 1256, 1261 (2003). The court must read all parts of the contract together to ascertain the agreement of the parties, and each part of the contract should be given effect. *Cincinnati Ins. Co. v. CPS Holdings, Inc.*, 114 Ohio St. 3d 306, 875 N.E.2d 31, 34 (2007). If a contract is expressed in plain and unambiguous language, the court should not look to evidence outside of the contract to determine the parties' intent. *Galatis*, 797 N.E.2d at 1261. An insurance provision is not ambiguous unless it is susceptible to more than one fair and *reasonable* interpretation. *Hacker v. Dickman*, 75 Ohio St.3d 118, 661 N.E. 2d 1005, 1006 (1996). Courts should not, however, labor to find an ambiguity if the intent of the parties is evident from the plain, ordinary meaning of the policy. *Brandon/Wiant Co. v. Tearnor*, 125 Ohio App. 3d 442, 447 (Ohio App. 1998). Both the determination of whether an insurance provision is ambiguous, and the interpretation of unambiguous language, are questions of law. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, syllabus para. 1 (1978). A question of fact will arise only if the Court determines that the contract language is ambiguous.

Further, the liberal rule of construction in favor of an insured does not apply when insurance contract language is unambiguous or where ambiguity can be resolved through ordinary rules of interpretation. *United States Fid. & Guar. Co. v. Lightning Rod Mut. Ins*. Co., 80 Ohio St.3d 584, 687 N.E.2d 717, 719 (1997). The contract must be construed liberally in favor of the

---

automobile insurance policy, Ohio's choice of law rules apply to require interpretation in accordance with the Ohio rules of construction).

insured and strictly against the insurer only if the policy language is ambiguous and if such language was prepared by the insurer. *Id.*

Common words used in a contract will be given their plain and ordinary meaning. *Gomolka v. State Auto Mut. Ins. Co.*, 70 Ohio St.2d 166, 436 N.E.2d 1347, 1348 (1982). The Court may refer to a dictionary to determine the plain and ordinary meaning of a phrase. *Converge, Inc. v. Topy America, Inc.*, 316 Fed. App'x (6th Cir. 2009).

As an initial matter, it is not even necessary to resort to construction of the phrase "any party liable" to determine that Plaintiffs' breach of contract claim must be dismissed. State Farm's recovery of MPC payments was proper under the Policy even when the Court accepts at face value Plaintiffs' claim that State Farm may recover only from the tortfeasor himself. Mr. Coman's automobile liability policy is an asset belonging to Mr. Coman, which provides for indemnification from harm for tort judgments (up to the policy limits), and protects Mr. Coman's other assets. *See In re Estate of Monroe*, No. 12AP-874, 20113 WL 1749599, at *2 (Ohio Ct. App. 10th Dist. Apr. 23, 2013) (specifically describing the alleged tortfeasor's liability policy as a "non-probate asset" owned by the tortfeasor). An enforceable contractual right to be indemnified under a liability insurance policy belongs to the tortfeasor no less than any other asset. As such, a liability carrier's payment of damages caused by its insured *does* constitute a recovery from the insured tortfeasor. This is so whether the policy benefits are paid to an injured party directly by the insurance carrier, or first are funneled to the insured tortfeasor and then paid to the injured party. Indeed, this is precisely why injured parties like Plaintiffs have the right to sue a tortfeasor's liability carrier *directly* for benefits available under the tortfeasor's insurance coverage if the insurer does not voluntarily pay such funds in satisfaction of a judgment against

the tortfeasor. Ohio Rev. Code Ann. § 3929.06 (West 1999) (authorizing injured parties to pursue a post-judgment garnishment suit directly against a liability insurance carrier for benefits available under a tortfeasor's liability insurance policy). Thus, State Farm's recovery of MPC payments from the proceeds of Mr. Coman's liability policy is indeed recovery from the assets of Mr. Coman, a "party liable."

Moreover, the plain, ordinary meaning of the phrase "any party liable" is contrary to Plaintiffs' claims. The dictionary defines a "party" as, among other things, "one of two or more sides (as in a contest, dispute or contract)." *Webster's Third New National Dictionary*, p. 1648. Plaintiffs do not contest that State Farm was a party to Mr. Coman's automobile liability policy. Indeed, Plaintiffs allege in their Complaint that State Farm paid to settle Plaintiffs' state court lawsuit against Mr. Coman pursuit to its liability contract with Mr. Coman. State Farm thus falls squarely within the plain meaning of the word "party."

According to the dictionary, to be "liable" means to be "bound according to law or equity" and "responsible." *Webster's Third New National Dictionary*, p. 1302. Plaintiffs would unreasonably limit the term "liable" to mean "responsible in fact," such that State Farm could recover MPC payments only from Mr. Coman, who was responsible in fact for the accident. However, the plain meaning of "liable" is not so restrictive. Instead, it encompasses responsibility as a matter of law, regardless of what or who caused the alleged injury. There can be no question that State Farm, as Mr. Coman's insurer, was *legally responsible* for Mr. Coman's tort liability up to policy limits; a liability insurer is contractually obligated to pay "damages" the tortfeasor owes. State Farm was *legally answerable* for the harm allegedly caused by Mr. Coman. Thus, to hold that State Farm is not a " liable" party would contravene the plain meaning of that

9

term, and run decisively afoul of the rules of contract construction.

That State Farm's MPC recovery rights extend to payments made by a tortfeasor's liability insurer is further demonstrated by the Ohio authorities. *Adkins v. Orefice*, No. 12CA0015, 2012 WL 6674485 (Ohio Ct. App. Dec. 21, 2012) is directly relevant to this case. There, as here, State Farm paid MPC benefits for injuries sustained by an insured, and that individual then sued the tortfeasor for his injuries. *Adkins*, 2012 WL 6674485, at *1. In *Adkins*, State Farm pursued its subrogation rights directly against the tortfeasor's liability carrier, American Family, and secured an arbitration award in its favor before its own insured had resolved his liability claim against the tortfeasor's estate. *Adkins*, 2012 WL 6674485, at *1, *3. Later, American Family sought to reduce the judgment ultimately entered against its insured by the amount American Family already had paid State Farm as MPC subrogation. *Id.* at *1. The *Adkins* court held that the reduction was proper *because American Family succeeded to State Farm's right of reimbursement when it repaid State Farm for the MPC benefits State Farm previously had paid*. *Id.* at *4. At each stage of the action, American Family's payments as the liability carrier for the tortfeasor were treated as payments *by* the tortfeasor, and the *Adkins* court's holding directly *depends* upon the reimbursement right Sate Farm would have possessed to the judgment its insured secured.

*Farris v. State Farm Insurance Co.*, 617 F. Supp. 2d 654 (N.D. Ohio 2008) (Baughman, Magistrate J.) likewise is persuasive, notwithstanding Plaintiffs' protestations. The MPC provisions of the insured's policy in *Farris* contained the "any party liable" language Plaintiffs attack here. *Farris*, 617 F. Supp.2d at 656. State Farm paid MPC benefits on behalf of its insured in *Farris* following an accident. *Id*. Thereafter, the insured sued the liable driver, who also was a

State Farm insured. *Id*. When the injured party and tortfeasor reached a settlement, State Farm*, in its capacity as the tortfeasor's liability carrier*, issued the settlement payments by way of three drafts, one of which was made out jointly to State Farm and to the injured party and was payable in the amount of the MPC benefits State Farm already had paid for that insured's benefit. *Id*. at 656-57. The insured sued State Farm for breach of her State Farm policy, claiming that because she never personally received the settlement payment, it was not a "recovery" subject to State Farm's MPC reimbursement rights. *Id.* at 657. The *Farris* court disagreed, holding that State Farm was entitled to secure its reimbursement by way of the set-off process it had used, and that there was *no* requirement that the insured first receive direct payment of the settlement funds before those funds would be deemed a "recovery." *Id.* at 661-62. Again, State Farm's payments as the tortfeasor's liability carrier were treated throughout as payments by the tortfeasor, and the Court's reasoning in *Farris* fits this case exactly. *Farris* rejected a hyper-technical definition of "recovery." This Court likewise rejects Plaintiffs' hyper-technical, overly-restrictive definition of a "recovery" from "any party liable" to mean only funds a liability carrier first pays to its insured, and which then are paid to the injured party.

Plaintiffs cannot create ambiguity in the otherwise unambiguous phrase "any party liable" by pointing to other insurance policy language that they deem to be more clear. Plaintiffs cite to various cases (and to later versions of State Farm's automobile policy language) for the proposition that State Farm could have phrased its MPC subrogation and reimbursement provisions differently. An unambiguous term is not rendered ambiguous, however, because the insurance companies could have used more precise language. *Bondex Int'l, Inc. v. Hartford Accident & Indem. Co.*, 667 F.3d 669, 679 (6th Cir. 2011) (applying Ohio law); *see also Rucker v.*

11

*Davis*, No. 02CA2676, 2003 WL 21404511, at *3 (Ohio App. 4th Dist. June 17, 2003). Accordingly, Plaintiffs' argument is unavailing.

Plaintiffs likewise fail to persuade this Court that state court rulings granting them partial summary judgment establish the "law of the case." This Court is not bound by the state court rulings, for at least two reasons. First, under Ohio procedural law and federal procedure, an order of partial summary judgment is an interlocutory order that may be altered, amended, or vacated at any time prior to judgment. *See Miklovic v. Shira*, No. 04-CA-27, 2005 WL 1503682, *3 (Ohio Ct. App. 5th Dist. June 20, 2005) (addressing Ohio procedure); *Leelanau Wine Cellars Ltd. V. Black & Red, Inc.*, 118 F. App'x 942, 945-46 (6th Cir. 2004) (addressing federal procedure). Second, under both Ohio and federal procedure, the filing of an amended complaint, such as the one Plaintiffs' filed here after the state court's rulings, supersedes prior, similar complaints and those prior pleadings are no longer of any effect. *See Hubbard v. Cleveland Metro. Sch. Dist.*, No. 98304, 2013 WL 1183320, (Ohio App. 8th Dist. Mar. 21, 2013) (under Ohio law, it is "well established that an amended pleading constitutes an abandonment of a previous similar pleading."); *Drake v. City of Detroit*, 26 F. App'x 444, 448 (6th Cir. 2008) (an amended complaint supercedes all prior complaints). Thus, Plaintiffs cannot overcome State Farm's Motion to Dismiss in this action based on the state court's decisions prior to removal and the filing of the amended Complaint.

**B.**     **Plaintiffs Fail To State A Plausible Claim For Bad Faith**

Plaintiffs concede in their Opposition to State Farm's Motion to Dismiss that there is "no question that the validity of this [bad faith] claim rises and falls with the success of the breach of contract claim. If there is no breach, there is no bad faith." This Court has found that State Farm

did not breach the Policy. Thus, by Plaintiffs' own admission, their bad faith claim also fails.

### C. Plaintiffs Fail To State A Plausible Claim For Declaratory Judgment

A plaintiff cannot adequately allege a claim for declaratory relief where, as here, a viable breach of contract has not been alleged. Consequently, Plaintiffs' claim for declaratory relief is dismissed.

### D. Plaintiffs' Class Claims Are Inadequately Pled

Plaintiffs' class allegations are based on causes of actions that this Court has held lack merit. Absent a valid underlying cause of action, Plaintiffs' class claims cannot proceed.

## IV. CONCLUSION

Defendant State Farm's Motion to Dismiss (ECF #3 ) is GRANTED for all of the reasons stated herein above.

IT IS SO ORDERED.

                                                            s/Donald C. Nugent
                                                         DONALD C. NUGENT
                                                         UNITED STATES DISTRICT JUDGE

DATED: 3/19/14